IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 MAY 31 AM 10: 02

CHARLES D. MILES, )
)
        Petitioner )
)
vs. ) CASE NO. CV00-PT-3357-S
)
WILLIE THOMAS, Warden, and the )
ATTORNEY GENERAL OF THE STATE )
OF ALABAMA, )
)
        Respondents )

ENTERED
MAY 31 2001

## MEMORANDUM OPINION

Petitioner, Charles D. Miles, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 27, 2001, the magistrate judge entered a recommendation that the petition be denied. Petitioner subsequently filed objections to the report and recommendation which the court has decided should be addressed.

In 1995, petitioner was convicted and sentenced to 21 years in state prison for rape. This conviction was affirmed on October 20, 1995. A petition for rehearing was overruled on December 1, 1995, and a certificate of judgment of affirmance was issued on December 19, 1995.

Petitioner's first Rule 32 petition was filed on September 11, 1997. This petition was denied without hearing on October 8, 1997. Petitioner did not appeal this denial. Petitioner now asserts in his objections, *inter alia*, that the matter construed as his first Rule 32 petition was so designated by the trial court, not by petitioner. According to petitioner, on September 11, 1997, he filed only a motion to get the records in his case. The trial court construed this motion as a Rule 32 petition. Miles asserts that the motion he filed at that time was not a Rule 32 petition.

10

Petitioner filed a second Rule 32 petition in state court on December 4, 1999. The trial court denied this petition on January 25, 2000, on the ground that it was procedurally barred. Petitioner appealed and, on May 19, 2000, the Alabama Court of Criminal Appeals affirmed the dismissal based on the procedural bar. Miles alleged in his Rule 32 petition and in the Rule 32 appeal that his conviction resulted from ineffective assistance of trial and appellate counsel, improper prosecutorial comments, and a defective "reasonable doubt" instruction.

On November 21, 2000, petitioner filed the present action seeking habeas relief pursuant to 28 U.S.C. § 2254. The magistrate judge recommended that petitioner's motion be dismissed as outside the statute of limitations contained in 28 U.S.C. § 2244(d) and the applicable grace period allowable for cases adjudicated prior to the enactment of the AEDPA. See Hunter v. United States, 101 F.3d 1565, 1568 (11th Cir. 1996).

## DISCUSSION

Petitioner has filed objections to report and recommendation of the magistrate judge, stating that he can show cause and prejudice sufficient to avoid the § 2244 statute of limitations procedural bar found by the magistrate judge to bar consideration of the merits of his habeas corpus claims. Petitioner alleges that he was unaware that the appeal of his conviction and sentencing were affirmed on appeal because he was functionally illiterate at that time and because his attorney failed to tell him when the affirmance was entered in December 1995. He asserts that he made several attempts to contact his attorney to determine the status, without luck, and did not find out that his appeal had been denied until September 1999. The substance of petitioner's objection to the magistrate judge's report and recommendation is that his illiteracy and his trial counsel's failure to communicate with him concerning the fact that his appeal had been denied are "cause" sufficient to overcome the statute of limitations procedural bar blocking his § 2254 claim.

Petitioner's alleged illiteracy will not serve as cause for a procedural default. *Pro se* litigants are subject to the same procedural default rules that apply to litigants represented by counsel. *Toles v. Jones*, 888 F.2d 95 (11th Cir. 1989), *vacated*, 905 F.2d 346 (11th Cir. 1990), *reinstated*, 951 F.2d 1200 (11th Cir. 1992); *Alexander v. Dugger*, 841 F.2d 371, 374 n.3 (11th Cir. 1988). A petitioner's illiteracy cannot serve as cause for procedural default. *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989). In *Henderson v. Cohn*, 919 F.2d 1270, 1274 (7th Cir. 1990), the court said:

> A number of courts have held that illiteracy does not constitute cause for a procedural default. *See Smith v. Newsome*, 876 F.2d 1461, 1465-66 (11th Cir. 1989) (illiteracy is insufficient to establish cause); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988) (*pro se* status and unfamiliarity with English language and United States court system do not establish cause), *cert. denied*, 490 U.S. 1100, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy is insufficient to establish cause); *Baugh v. Lane*, 722 F.Supp. 525, 531 (C.D.Ill. 1989) (that petitioner was lay person not knowledgeable about law is insufficient to establish cause for ten-year delay in filing for state post-conviction relief); *see also United States ex rel. Stewart v. Ragen*, 231 F.2d 312, 314 (7th Cir. 1956) (limited education, failure to understand legal procedure and prison rule prohibiting inmates from helping each other prepare legal proceedings do not excuse failure to exhaust state remedies). We find these cases persuasive. A person may be illiterate yet still have the good sense and mental competence to be concerned and inquire about his convictions. "[T]here is no right to court-appointed counsel in state collateral proceedings, thus, a petitioner's 'failure to act or think like a lawyer cannot be cause for failing to assert a claim.'" *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir.) (quoting *Newsome*, 876 F.2d at 1465), *cert. denied*, 498 U.S. 832, 111 S.Ct. 96, 112 L.Ed.2d 68 (1990).

Likewise, even assuming, *arguendo*, that petitioner's counsel's failure to advise him that his appeal had been denied does constitute "cause" sufficient to overcome the § 2244(d) statute of limitations procedural bar, petitioner still cannot prevail because he then runs headlong into another procedural bar.

In general, a federal court may only grant habeas corpus relief to a state prisoner who has exhausted available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). State remedies are not deemed exhausted until a prisoner utilizes all procedures available under state law to raise his

3

claim. *See* 28 U.S.C. § 2254(c). Under the exhaustion requirement, the petitioner must present the substance of his or her claim to the state courts to allow the state courts "an opportunity to apply controlling legal principles to the facts bearing upon [his or her] constitutional claim." *Picard v. Connor,* 404 U.S. 270, 276-77, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *accord Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) ("[T]he habeas petitioner must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim.")

It is clear from petitioner's pleadings that he did not raise any of the issues he now asserts in the petition designated by the trial court as his first Rule 32 petition, which he filed on September 11, 1997. The trial court denied this petition on October 8, 1997, and the trial court record reflects that notice that the Rule 32 petition had been denied was sent to petitioner on October 9, 1997. Despite this, petitioner neither appealed the denial of the Rule 32 petition nor appealed the trial court's designation of his petition as one filed pursuant to Rule 32. Thus, petitioner failed to exhaust his available state remedies and cannot now claim that the petition he filed in 1997 was not really a Rule 32 petition that had been inappropriately so-designated by the trial court. It was his responsibility to appeal or to ask the trial court to reconsider, advising them that he did not intend to file a Rule 32 petition until his direct appeal was final so that he could include all claims, including ineffective assistance of appellate counsel. He did not do so and is now precluded from asserting any claims not asserted in the 1997 petition by Rule 32.2(b), Ala.R.Crim.P., which prohibits successive state habeas petitions. The 1997 Rule 32 petition apparently contained none of the claims now asserted by petitioner in his federal habeas petition.

If a petitioner fails to present a federal constitutional claim to the appropriate state court in the manner prescribed by the state court's procedural rules, the state court may decline to address the claim. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). So long as the procedural default rests on adequate and independent state grounds, the

4

petitioner is generally barred from obtaining federal habeas review of the defaulted claim. *Coleman v. Thompson*, 501 U.S. 722, 729-31, 111 S.Ct. 2546, 2553, 115 L.Ed.2d 640 (1991). In *Coleman*, the Court held that the adequate and independent state ground doctrine bars federal habeas review when a state court refuses to address the prisoner's federal claims because the petitioner failed to satisfy a state procedural requirement. "In the habeas context, the application of the adequate and independent state ground doctrine is grounded in concerns of comity and federalism . . . . In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id.*

In *Coleman*, the Court found that the petitioner's failure to properly appeal his state court conviction, which barred him from pursuing alleged federal claims in state court, was an adequate and independent state ground sufficient to bar federal review of the defaulted claims. *Id.* at 740, 111 S.Ct. at 2559-60. *See also Chambers v. Thompson*, 150 F.3d 1324 (11th Cir. 1998).

To the extent that petitioner raises a claim herein for the first time or raised it for the first time in his second Rule 32 petition, it is precluded from state review under Rule 32.2(b), Ala.R.Crim.P., which prohibits successive petitions for collateral relief. Since these claims are procedurally defaulted on independent and adequate state grounds, federal habeas review is also precluded. *See Wainwright v. Sykes, supra*; Coleman v. Thompson, supra.

Without question, petitioner could have raised his claims of ineffective assistance of trial counsel, prosecutorial misconduct, and an allegedly incorrect jury instruction on "reasonable doubt" in his 1997 Rule 32 petition. A habeas petitioner is not entitled to access to his records for the purpose of preparing a collateral attack on his conviction. *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992). Therefore, his failure to obtain the transcript of his trial until 1999 does not excuse his failure to timely file these claims.

Petitioner complains also that he was unaware of the status of his appeal and did not know that it had been denied, in order to timely file a claim for ineffective assistance of trial counsel. However, as noted above, he did not advise the trial court, when it designated his 1997 petition as a Rule 32 petition, that he did not intend this filing to be so construed, nor did he appeal the trial court's denial of this petition. Furthermore, his federal habeas petition contains only general allegations of ineffective assistance of appellate counsel. Under the performance prong of *Strickland v. Washington*, a convicted defendant must identify the specific acts or omissions he alleges were not the result of reasonable professional judgment on the part of his counsel. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2061, 80 L.Ed.2d 674 (1984); *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989). Therefore, this claim of ineffective assistance of counsel is procedurally barred *and* without merit.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 31st day of May, 2001.

ROBERT B. PROPST
SENIOR JUDGE